**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
|  | ) |  |
| SECURITIES AND EXCHANGE COMMISSION, | ) |  |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| -against- | ) | **Case No. 3:24-cv-09487** |
|  | ) | **Rule 16 Scheduling Conference** |
| HANS K. HERNANDEZ, | ) | **on Jan. 29, 2025** |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**JOINT PROPOSED DISCOVERY PLAN**

Pursuant to Fed.R.Civ. P. 26(f), L.Civ.R. 26.1(b), and the Court's December 9, 2024 Order Scheduling Conference (Dkt No. 7), as modified by the Court's December 16, 2024 Order (Dkt. No. 8), counsel for Plaintiff Securities and Exchange Commission ("SEC") and counsel for Defendant Hans K. Hernandez met and conferred via video conference on January 7, 2025 and submit this Joint Discovery Plan:

1. **Contact Information for Trial Counsel**

    For the SEC:
    Susan R. Cooke
    David J. D'Addio
    David Scheffler
    Andrew Palid
    U.S. Securities and Exchange Commission
    33 Arch Street, Floor 24
    Boston, MA 02110
    617-573-4528; cookes@sec.gov (Cooke)
    617-573-4526; daddiod@sec.gov (D'Addio)
    617-573-4540; palida@sec.gov (Palid)
    617-573-8810; schefflerd@sec.gov (Scheffler)

For Hernandez:
A. Ross Pearlson
Christopher Kelly
Chiesa Shahinian & Giantomasi PC
105 Eisenhower Parkway
Roseland, NJ 07068
973-530-2100; rpearlson@csglaw.com (Pearlson)
973-530-2183; ckelly@csglaw.com (Kelly)


**2.   Description of the Facts Underpinning the Claims or Defenses and Legal Issues**

The SEC has alleged that Hans Hernandez, a former investment adviser, engaged in a trade-allocation scheme (commonly referred to as "cherry picking") in which he benefited himself to the detriment of his investment advisory clients, to whom he owed a fiduciary duty. The SEC brought this action under Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rules 10b-5(a) and (c) thereunder [17 C.F.R. § 240.10b-5(a), (c)]; Sections 17(a) and (c) of the Securities Act of 1933 [15 U.S.C. §§ 77q(a)(1), (3)]; and Sections 206(1) and (2) of the Investment Advisers Act of 1940 [15 U.S.C. §§80b-6(1), 80b-6(2)].  The SEC is seeking injunctive relief, disgorgement of ill-gotten gains along with prejudgment interest thereon, and a civil monetary penalty.  The case will likely involve expert testimony regarding the calculation of what the SEC contends are ill-gotten gains obtained by Mr. Hernandez through the cherry-picking scheme alleged in the complaint.

Hernandez denies the allegations in the Complaint, including that he engaged in "cherry picking" or that he breached any duty, fiduciary or otherwise, to any of his clients. Specifically, in allocating the trades at issue, Hernandez denies that he acted with the requisite intent to commit a fraud upon or act in a manner contrary to the interests of his clients. Hernandez asserts that the statistical analysis upon which the allegations in the Complaint are based is fundamentally flawed in that it completely ignores the fact that the shares purchased by Hernandez and the clients were priced on an average cost basis (so that neither party paid more

2

than the other regardless of when they were purchased), the actual timing of the allocation of the shares by Hernandez and that Hernandez was day trading while the clients were placed in a longer term investment position. Hernandez argues that the SEC's statistical analysis looked only at the customers' trading position over a 24-48 hour window, and "unrealized losses" by the clients, not whether the purchase by Hernandez on their behalf ultimately resulted in a gain or loss. As a result, it is Hernandez's position that the analysis is improperly skewed and also overstates any alleged losses sustained by Hernandez's clients.

Hernandez reserves the right to amend and supplement this response with additional information learned through discovery.

### 3. Settlement Discussions

No formal settlement demands have been made, but, before filing, the SEC outlined for Hernandez's prior counsel the contours of what a settlement would likely entail (e.g. industry bar, disgorgement, and penalty) and provided the basis for the SEC's preliminary disgorgement calculation.

Going forward, the parties agree to work together in good faith to promptly resolve the case in compliance with the Federal Rules, Local Rules of Civil Procedure, and all Court orders.

### 4.   Discovery Conducted to Date

Neither party has conducted any formal discovery to date.  That said, on December 5, 2024, Plaintiff provided Defendant with an audio recording of a telephonic interview the SEC conducted with Mr. Hernandez on December 7, 2023 and with written notes of a telephonic interview the SEC conducted with Mr. Hernandez on February 28, 2023.  In addition, on January 6, 2025, an SEC economist walked Defendant's counsel through the analysis of trading data reflected in the Commission's complaint (*see* Dkt. No. 1, paragraphs 17-18).

### 5.   Discovery Issues Encountered to Date

There have been no discovery issues encountered to date.

### 6.   Scope of Discovery

The parties anticipate seeking discovery as to liability on all claims and defenses, and as to the monetary relief sought by the SEC, which includes disgorgement and prejudgment interest thereon.

### 7.   Timing of Discovery

During the parties Rule 26(f) conference on Jan. 7, 2025, the parties discussed their mutual view that a significant matter of proof in the case is the statistical analysis of the trading data for Hernandez and his clients.  While an economist/statistician employed by the SEC has already conducted such an analysis (as reflected in the Complaint, Dkt. No. 1, at paragraphs 17-18), Defendant has not yet had the opportunity to consult with his own such expert to test the SEC's analysis.  The parties believe that allowing Defendant the time and opportunity to preliminarily consult with an expert at the outset of discovery, before undertaking the added expense and time of written discovery, serves the interest of efficiency and, may, potentially further settlement discussions. To that end, the parties propose that Defendant be permitted to conduct some preliminary discovery (e.g. obtaining trading data in the Commission's possession

and requesting additional trading data from third parties pursuant to Rule 45 subpoenas) to facilitate Defendant's consultation with an expert, but reserve the bulk of written fact discovery by both parties for a later date, as outlined below:

- Plaintiff to make initial disclosures and provide trading data considered by the SEC's economist/statistician no later than January 21, 2025.
- Defendant to make initial disclosures no later than February 4, 2025.
- Defendant, only, be permitted to seek discovery of trading data from third parties until April 30, 2025.
- Defendant's preliminary consultation with an expert to be completed by April 30, 2025.
- Interim Status conference with the Court to discuss whether any dispositive motions will be filed and to set a pre-trial schedule at a date after April 30, 2025 at the Court's convenience.
- Commencement of written fact discovery by both parties on May 1, 2025.
- Fact discovery to be completed by October 31, 2025.
- Expert discovery, including depositions to be completed by November 30, 2025.
- Opening expert reports are to be exchanged by October 16, 2025
- Rebuttal expert reports are to be exchanged by October 31, 2025.

Depending on the outcome of Defendant's initial expert inquiry, the parties may seek leave of court to modify the above proposed schedule.

### 8. Changes to Limitations on Discovery

The parties do not propose any changes to the limitations on discovery set forth in the Federal Rules of Civil Procedure.

### 9. Special Discovery Needs

The parties do not anticipate any special discovery needs arising or the need to request any special discovery mechanisms or procedures.

**10. Issues regarding Electronically Stored Information**

The parties do not anticipate any issues about disclosure or discovery of electronically stored information ("ESI").  The parties have taken and will take reasonable steps to preserve documents that are relevant to this litigation and proportional to the needs of the case, including relevant ESI.

**11. Discovery Issues**

The parties do not anticipate any discovery issues.

**12. Privilege Issues**

The parties intend to discuss specific procedures for handling inadvertent production in litigation of privileged information and other privilege issues.

**13. Need for Discovery Related Orders**

The parties do not anticipate the need for any other orders under FRCP 26(c) or FRCP 16(b) and (c), but reserve their rights to seek additional orders as contemplated by the Federal Rules should the need arise.

**14. Limitation on Discovery Devices**

The parties do not believe there should be any limitation placed upon the use of any discovery device.

**15. Need for Confidentiality Order**

The parties do not anticipate requesting entry of a Discovery Confidentiality Order.

**16. The Date the Case Will Be Ready for Trial**

The parties propose to defer decisions on deadlines for filing dispositive motions and the pre-trial schedule, including dates for a pre-trial memo, pre-trial conference and a trial ready date until after Defendant's preliminary consultation with an expert.

**17. Whether the Trial will Be Jury or Non-Jury and Trial before a Magistrate**

The SEC has requested a jury trial.  Defendant consents to a jury trial. The parties do not consent to a trial before a Magistrate Judge.

**18. Alternative Dispute Resolution**

The parties do not believe this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1) at this time.  However, the parties are open to arbitration or mediation after expert discovery has concluded.

**19. Bifurcation**

This case might be appropriate for bifurcation and the parties have discussed the possibility of bifurcating liability and damages/remedies. Whether to proceed with a bifurcated resolution hinges largely upon Defendant's consultation with an expert concerning the validity of the analysis conducted by the SEC's statistical expert.

**20. Interim Status/Settlement Conference**

The parties believe it would be productive to hold an interim status conference after Defendant's preliminary consultation with an expert.

**21. Any Other Issues to be Discussed at Rule 16 Conference**

The parties have not identified any other issues not already covered above that should be addressed at the Rule 16 conference.


Dated: January 14, 2025


                                        Respectfully Submitted,


                                        SECURITIES AND EXCHANGE COMMISSION

                                        By its Attorneys,

                                        /s/ *Susan Cooke*
                                        Susan R. Cooke
                                        David D'Addio
                                        Attorneys for Plaintiff
                                        U.S. SECURITIES AND EXCHANGE COMMISSION
                                        Boston Regional Office
                                        33 Arch Street, 24th Floor
                                        Boston, MA 02110
                                        (617) 573-4538 (Cooke phone)
                                        cookes@sec.gov

                                        HANS K. HERNANDEZ

                                        By his Attorneys,

                                        */s/ A. Ross Pearlson*
                                        A. Ross Pearlson
                                        Christopher Kelly
                                        Attorneys for Defendant
                                        CHIESA SHAHINIAN & GIANTOMASI PC
                                        105 Eisenhower Parkway
                                        Roseland, NJ 07068
                                        (973) 530-2100 (Pearlson phone)
                                        rpearlson@csglaw.com

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that, on January 14, 2025, a true and correct copy of the foregoing Joint Discovery Plan was filed electronically via ECF and an electronic notification was served upon all counsel of record.

<u>/s/ *Susan Cooke*</u>
Susan R. Cooke