

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
33 ARCH STREET, 24TH FLOOR
BOSTON, MA 02110-1424

BOSTON
REGIONAL OFFICE

August 19, 2025

<u>Via CM/ECF</u>
The Honorable Rukhsanah L. Singh
U.S.M.J. Clarkson S. Fisher Bldg. & U.S. Courthouse
402 E. State Street
Trenton, NJ 08608

**Re:   SEC v. Hernandez, Docket No. 3:24-cv-09487-GC-RLS**

Dear Judge Singh:

     The Commission submits this letter pursuant to the Court's order dated August 15, 2025 [Dkt. No. 22] and in response to the Defendant's letter dated August 14, 2025. Dkt. No. 21.  The Commission was surprised by the letter to the Court asking the Commission to provide Defendant with something he has had for nearly seven months.

     Specifically, on January 21, 2025, the Commission produced to Defendant, in the form we received it from Pershing LLC, the Pershing trade blotters and Hernandez account list (the "Pershing data") and explained that such data was used to formulate the disgorgement estimate reflected in the Commission's complaint. We then explained to Defendant's counsel, step by step, how to filter the Pershing data to generate the list of trades Defendant is looking for.  We also made our internal statistics expert from our Division of Economic and Risk Analysis (Stuart Jackson) available for virtual meetings on at least two occasions to explain the data and his methodology for calculating disgorgement, and to answer any questions from defense counsel on those topics.

     For example, on January 6, 2025, SEC trial counsel and Mr. Jackson met virtually with Defendant's counsel to discuss the disgorgement estimate reflected in the Commission's Complaint.  On February 5, 2025, after Defendant's counsel expressed confusion over how to analyze the Pershing data, the Commission immediately provided precise, written instructions on how to filter the data to recreate the list of trades from which Mr. Jackson conducted his analysis.  *See* Exhibit A.  The Commission then followed up with Defendant's counsel on May 13 and May 14, 2025, to make sure the written instructions had answered their questions.  *See* Id., Exhibit B.  Again, on May 28, 2025, Defendant's counsel conveyed to the Commission that their client was confused about the inclusion of trade data concerning another investment adviser, Carlton.  As we explained to counsel, the trade blotter files provided to Hernandez are exact copies of the files that Pershing provided to the Commission.  Thus, Defendant is correct that these

files included data concerning both Hernandez and Carlton (and their respective clients) because the Commission specifically requested trade data regarding those two individuals and their clients during its investigation.[1]  But the inclusion of this data should not be a source of confusion or concern because, as noted, the Commission explained to Defendant's counsel how to filter the data to generate the list of relevant trades they now incorrectly claim the Commission has withheld.  Specifically, on May 29, 2025, SEC trial counsel and Mr. Jackson met virtually with Defendant's counsel to confirm that the Carlton data had not been used in the calculation of Hernandez's profits and to explain, again, how to filter the Pershing data to generate the specific list of trades underlying the Commission's estimate of disgorgement.  When Defendant's counsel had a number of follow-up questions after the call, SEC trial counsel promptly answered them and provided the summary tables created by Mr. Jackson.  *See* Exhibits C, D.  After that, the Commission did not hear anything further from Defendant about problems filtering the Pershing data, until his August 14, 2025, letter was filed, without prior notice.

Defendant's letter mentions his limited resources.  This is among the reasons why the Commission has been, and continues to be, cooperative and transparent, going well beyond what the applicable discovery rules require.  The Commission made Mr. Jackson available and offered to make him available again if Defendant had questions.  We told Defendant's counsel how Mr. Jackson filtered the Pershing data.  We properly invoked work product protection only for the drafts and other working files that Mr. Jackson generated in the course of his analysis.  And the Commission waived work product protection over Mr. Jackson's detailed summary of the SEC's calculations of disgorgement based on the filtered data and provided that document to Defendant. *See* Exhibit D.

Throughout this litigation, the Commission has responded to counsel's requests in a timely and collaborative manner.  Defendant's suggestion to the contrary is unjustified.

        Respectfully,

        /s/ *Susan R. Cooke*
        Susan R. Cooke
        David D'Addio
        Attorneys for Plaintiff
        U.S. SECURITIES AND EXCHANGE COMMISSION
        Boston Regional Office
        33 Arch Street, 24th Floor
        Boston, MA 02110
        (617) 573-4538 (Cooke phone)
        cookes@sec.gov

---

[1] The Commission sued Carlton in a separate case pending in the Western District of Washington.